IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| THOMAS & BETTS POWER SOLUTIONS, L.L.C., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Case No. 3:07CV167<br>) |
| POWER DISTRIBUTION, INC., | )<br>) |
| Defendants. | ) |

**PLAINTIFF THOMAS & BETTS POWER SOLUTIONS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING MOTION TO EXTEND EXPERT REPORT DUE DATES**

Plaintiff Thomas & Betts Power Solutions, L.L.C. ("T&BPS"), by counsel, states as follows for its Memorandum in Support of its Motion to Reconsider Order Granting Motion to Extend Expert Report Due Dates.

## INTRODUCTION

While recognizing that motions for reconsideration are rarely granted, T&BPS felt compelled to file this motion because Power Distribution, Inc.'s ("PDI") motion was meritless and T&BPS is severely prejudiced by the extension granted by the Court.[1] For one, PDI has had more than ample time to prepare its expert reports and provided no justification for the significant additional time it received. Second, the extension of expert due dates prejudices T&BPS, which served its expert report in compliance with the Court's October 15, 2007

---

[1] Under the Court's local rules, T&BPS' opposition to PDI's motion was not due until October 29, 2007. The Court issued its Order (Granting Motion to Extend Expert Report Due Dates) (Docket No. 63) on October 25, 2007, and did not have T&BPS' opposition to that motion.

deadline. Hence, as explained below, T&BPS respectfully requests that the Court reconsider its Order (Granting Motion to Extend Expert Report Due Dates) (Docket No. 63).

## ARGUMENT

**A. PDI has had ample time to prepare its expert reports and provides no justification for additional time.**

On February 15, 2007, more than eight months ago, PDI initiated this litigation by filing suit against Danaher Corporation in the United States District Court for the District of Columbia (Case No. 1:07-cv-00351-ESH). Although that case was later dismissed because it was against the wrong party and in the wrong forum, it prompted this declaratory judgment action between the parties. Before bringing its patent infringement claims against Danaher Power Solutions, LLC (now T&BPS), PDI had unlimited time to investigate its patent infringement claims, obtain experts to support such claims, and determine the basis of any damages claim it may have. However, PDI failed to do this, as evidenced by its motion to extend the expert deadlines.[2]

Even after this litigation commenced, PDI was afforded plenty of time to obtain expert reports in support of its infringement claims and damages theories. Early on, the parties anticipated that this matter was going to be resolved during the Markman process[3] and, therefore, pushed the deadlines for expert reports to the very end of discovery. Soon after the June 22, 2007 pretrial conference with the Court, the parties agreed to a pretrial schedule that provided for initial expert reports to be served on October 15, almost four months hence, with responsive expert reports due on November 15, and discovery closing on December 7. That agreement,

---

[2] In fact, as explained more fully in T&BPS' response to PDI's Motion for Leave to Amend its Counterclaim (Docket No. 56), PDI also failed in its duty under Fed. R. Civ. P. 11 and applicable Federal Circuit case law to investigate the bases for its patent infringement claims before bringing this litigation.

[3] As explained in its summary judgment briefs, T&BPS believes that the Court's Markman ruling should have ended this litigation, as it foreclosed PDI's infringement theory. PDI, however, has refused to acknowledge the import of the Court's ruling, thus forcing T&BPS to continue to incur significant costs to defend this matter.

2

negotiated amongst counsel for the parties, was memorialized by the Court's June 26, 2007 Supplemental Scheduling Order (Docket No. 17).

The pretrial schedule to which PDI agreed provided it ample time to conduct discovery into its damages theory and prepare an expert report supporting that theory. The information that PDI now claims to need additional time to discover, *i.e.*, the absence of non-infringing substitutes in the market, is information that PDI should have obtained some time ago. The obligation to prove the absence of acceptable non-infringing substitutes is a well-known component of the damages analysis that patentees are expected to perform. *See, e.g., Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820 (Fed. Cir. 1990). This is certainly not a new or recently discovered concept. PDI offers no explanation for its failure to develop this information earlier.

What is more, PDI does not claim that the makers of substitutable branch circuit monitors were previously unknown to PDI or that PDI could not have sought discovery of possible non-infringing substitutes earlier. Yet, PDI failed to conduct any discovery aimed at uncovering this information -- in fact, PDI *still* has not issued any discovery requests for this information.[4] PDI offers no explanation for its failure to conduct discovery previously and no justification for its need to conduct this discovery at this late stage.

In short, PDI has had more than enough time to prepare its expert reports and provides no good reasons for the additional time it sought.

---

[4] PDI has shown a similar lack of diligence in pursuing other discovery. Although this matter has been pending for several months, PDI did not serve T&BPS with requests for production of documents until September 1, 2007. Likewise, PDI ignored T&BPS' repeated offers to make itself available for deposition in early September and, as a result, PDI had to move the Court for discovery under Rule 56(f) and for enlargement of time to respond to T&BPS' Motion for Summary Judgment.

B.  **The extension of due dates gives PDI an advantage and prejudices T&BPS.**

T&BPS is prejudiced by the extension of the expert deadlines. Under the Court's Supplemental Scheduling Order, the parties were required to serve the opening expert reports on issues for which each party bears the burden of proof: patent infringement and damages for PDI, patent invalidity for T&BPS. On October 15, 2007, as required by the Court's Supplemental Scheduling Order, T&BPS served PDI with the expert report of Dr. Gary Atkinson, Director of the Virginia Microelectronics Center and an Associate Professor at Virginia Commonwealth University (VCU) in the Department of Electrical and Computer Engineering, detailing T&BPS' invalidity contentions. Now armed with Dr. Atkinson's report, PDI can have its patent infringement expert adjust his opinions to address or work around T&BPS' invalidity contentions. Plainly, this puts PDI at an advantage and prejudices T&BPS for complying with the October 15, 2007 deadline.[5]

## CONCLUSION

For the reasons set forth above, Thomas & Betts Power Solutions, L.L.C. respectfully request that the Court reconsider its Order granting an extension of the expert report deadlines and deny PDI's motion for extension.

THOMAS & BETTS POWER SOLUTIONS, L.L.C.

By_____/s/_____
Of Counsel

---

[5] A few days before the October 15 deadline, PDI asked T&BPS if it would agree to an extension of the expert deadlines. As Dr. Atkinson had already prepared his report, T&BPS indicated that it was unwilling to agree to the long extension sought by PDI. Hearing nothing further from PDI, T&BPS served Dr. Atkinson's expert report on October 15 deadline, in compliance with the Court's Supplemental Scheduling Order. PDI, although certainly aware that it would be seeking an extension of the expert deadline well before the expert deadline, waited until the late afternoon of October 15 to file its motion to extend the deadline.

Robert A. Angle, VSB #37691
(robert.angle@troutmansanders.com)
Dabney J. Carr, IV, VSB #28679
(dabney.carr@troutmansanders.com)
TROUTMAN SANDERS LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200
(804) 697-1339 (Fax)


<u>Of Counsel:</u>
David G. Mangum (admitted *pro hac vice*)
C. Kevin Speirs (admitted *pro hac vice*)
Michael R. McCarthy (admitted *pro hac vice*)
Nicole G. Farrell (admitted *pro hac vice*)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

*Attorneys for Thomas & Betts Power Solutions, L.L.C.*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was served by hand and electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to Thomas J. Moore, Esquire, and Felix J. D'Ambrosio, Esquire, BACON & THOMAS, PLLC, 625 Slaters Lane, Fourth Floor, Alexandria, Virginia 22314-1176, Counsel for Defendant Power Distribution, Inc., this 25th day of October, 2007.

/s/
Robert A. Angle, VSB #37691
(robert.angle@troutmansanders.com)
TROUTMAN SANDERS LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200
(804) 697-1339 (Fax)