IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| THOMAS & BETTS POWER SOLUTIONS, L.L.C., formerly DANAHER POWER SOLUTIONS, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> POWER DISTRIBUTION, INC., <br><br> Defendant. | Civil Action No. 3:07CV167 |

### MEMORANDUM OPINION
(Granting Plaintiff's Motion for Summary Judgment,
Denying Defendant's Motion for Summary Judgment, and
Denying Defendant's Motion to Amend / Correct Counterclaim)

This is a declaratory judgment action involving claims of patent non-infringement and invalidity brought by Plaintiff Thomas & Betts Power Solutions ("T&BPS") against Defendant Power Distribution, Inc. ("PDI"), with a counterclaim for declaratory judgment of patent infringement and validity. This matter is presently before the Court on three motions: T&BPS's Motion for Summary Judgment of Noninfringement of U.S. Patent No. 6,330,516, filed August 28, 2007; PDI's Motion to Amend / Correct Counterclaim, filed October 15, 2007; and PDI's Motion for Partial Summary Judgment of Infringement of U.S. Patent No. 6,330,516, filed on October 19, 2007. The parties have filed extensive memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the Court, and argument would not aid in the decisional process. For the reasons stated below, the Court will grant Plaintiff's Motion for Summary Judgment of Noninfringement, deny Defendant's Motion for Partial Summary Judgment of Infringement, and deny as moot Defendant's Motion to Amend / Correct Counterclaim.

## I. Background

This dispute centers on U.S. Patent No. 6,330,516 ("the '516 patent"), entitled Branch Circuit Monitor, which is owned by PDI. The '516 patent describes a system for monitoring the power quality and energy consumption for branch circuits, individual circuits that "branch" off from a panel board or circuit breaker box attached to a main power line. The system described in the '516 patent (the "claimed system") utilizes non-contact current sensors that are wired to a digital signal processor module, such that a separate meter is not required for each branch circuit. Claim 1, the '516 patent's only independent claim, requires that "said non-contact sensors are mounted on a circuit board." '516 Patent, col. 5, lines 3–4. The other asserted claims, Claims 2, 5, and 6, are each directly or indirectly dependent on Claim 1, and therefore include the requirement that the sensors be mounted on a circuit board.

T&BPS seeks declaratory judgment that its CYBEREX® BCM system (the "BCM system") does not infringe the '516 patent. In the BCM system, non-contact current sensors are mounted on a bare metal strip or bracket and wired to a digital signal processor. The BCM system performs generally the same functions as the claimed

system; the most significant difference is the substrate on which the current sensors are mounted.

Following a claim construction hearing on July 31, 2007, this Court issued a Memorandum Opinion on August 13, 2007, interpreting the term "circuit board" as "an insulated board on which electrical components are mounted and interconnected to form a circuit." Both parties previously represented to the Court that the construction of this single term would likely resolve their dispute; indeed, the Court now finds that its decision on summary judgment is straightforward in light of the plain meaning of its definition.

## II. Standard of Review

Rule 56 provides that judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The facts and inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, and this party is entitled to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all

3

internal conflicts in it resolved favorably to him." *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (alteration in original) (internal quotations omitted).

### III. Analysis

Infringement can be decided in this case solely through application of the undisputed facts to the claim construction; therefore there are no issues of material fact to be resolved, and judgment as a matter of law is appropriate.

Essential to this Court's construction of the term "circuit board" is the requirement that the board on which the components are mounted must be insulated. The parties have agreed to the following facts about the BCM system: "Each non-contact current sensor . . . is mounted by a metal screw to a bare metal strip or plate, also referred to as a 'stick' or 'bracket.' There is no insulation between the non-contact current sensor and the bracket." T&BPS's Mot. for Summ. J., Undisp. Facts ¶ 6. Further, "[t]he metal bracket . . . provides only a structure on which to physically mount the sensors. The metal bracket performs no insulative function and contains no insulating layer or substrate." T&BPS's Mot. Summ. J., Undisp. Facts ¶ 7.

PDI now argues, despite its agreement to these simple facts, that the insulation of the *components* mounted on the board somehow meets the requirement that the *board* itself be insulated. PDI asserts as a relevant additional fact that "[t]he housing of each current sensor of the accused product is insulative." PDI's Resp. to T&BPS's Mot. Summ. J., Undisp. Facts ¶ 3. PDI also notes that "[t]he ferrite core of each noncontact

sensor is insulated from [the] metal stick by insulation on the wires and the epoxy or potting compound." PDI's Resp. to T&BPS's Mot. Summ. J., Undisp. Facts ¶ 7.

PDI's reliance on the insulation of the components is misplaced. The Court specifically clarified that its definition of circuit board required that "the *board*, whether it has a metal substrate or not, [must] be electrically insulated in some way, such as by having an insulating layer." Aug. 13, 2007 Mem. Op. at 6 (emphasis added). Neither party disputes that the board in the BCM system is a "bare metal strip or plate" that "contains no insulating layer or substrate." T&BPS's Mot. for Summ. J., Undisp. Facts ¶¶ 6, 7. The mere fact that the components mounted on the board are insulated is inapposite to the requirement that the board itself be insulated.

PDI also attempts to obfuscate the Court's straightforward construction of "circuit board" by stating that "[t]he 'stick' or 'bracket' of the accused product has resistance to current flow." PDI's Resp. to T&BPS's Mot. Summ. J., Undisp. Facts ¶ 2. Apparently PDI means to imply that the resistive quality of the bracket somehow imbues it with an insulative function. Again, this argument is futile. PDI agreed with the undisputed fact that the BCM system's "metal bracket performs no insulative function." To argue otherwise in the face of a stipulated fact is unavailing.

## IV. Conclusion

The claimed invention explicitly requires that "non-contact sensors are mounted on a circuit board." The Court has construed "circuit board" to mean "an insulated board on

5

which electrical components are mounted and interconnected to form a circuit." The BCM system, however, utilizes a non-insulated board that is nothing more than "a bare metal strip." This cannot be considered a circuit board, and therefore the BCM system cannot be considered to infringe the '516 patent. Therefore, the Court will grant T&BPS's Motion for Summary Judgment of Noninfringement and will deny PDI's cross-Motion for Partial Summary Judgment of Infringement.

The Court is mindful of the fact that PDI also has a pending Motion to Amend / Correct Counterclaim. The sole substantive change requested, however, would merely add three additional claims of the '516 patent, each of which is dependent on Claim 1. Each of those dependent claims therefore turns on the same definition of circuit board that is central to this decision. In light of this Court's present finding of noninfringement, the Court will deny PDI's Motion to Amend / Correct Counterclaim as moot.

An appropriate Order will accompany this Memorandum Opinion.

                                                      /s/
                                        Henry E. Hudson
                                        United States District Judge

Date: Nov. 15 2007
Richmond, VA