IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THOMAS & BETTS POWER )
SOLUTIONS, L.L.C., formerly )
DANAHER POWER SOLUTIONS, L.L.C., )
)
    Plaintiff, )
) Civil Action No. 3:07CV167–HEH
v. )
)
POWER DISTRIBUTION, INC., )
)
    Defendant. )

## MEMORANDUM OPINION
### (Granting Plaintiff's Motion to Declare this an Exceptional Case)

This is a declaratory judgment action involving claims of patent non-infringement and invalidity brought by Plaintiff Thomas & Betts Power Solutions ("T&BPS") against Defendant Power Distribution, Inc. ("PDI"), with a counterclaim for declaratory judgment of patent infringement and validity. This matter is presently before the Court on T&BPS's Motion to Declare this an Exceptional Case pursuant to 35 U.S.C. § 285, filed on December 14, 2007. For the reasons stated below, the Court will grant Plaintiff's motion.

### I. Background

The facts underlying this dispute have undergone extensive litigation before this Court and are fully outlined in the Court's November 15, 2007 Memorandum Opinion granting Plaintiff's Motion for Summary Judgment. Accordingly, these underlying facts will not again be reiterated here.

When the case was initially presented to the Court, both parties agreed that the construction of the term "circuit board" would quickly resolve the issue of infringement. After

an expedited claim construction hearing, this Court issued a Memorandum Opinion on August 13, 2007, interpreting the term "circuit board" as "an insulated board on which electrical components are mounted and interconnected to form a circuit." Following this ruling, T&BPS filed a motion for summary judgment. PDI opposed that motion and filed a separate cross-motion for summary judgment. In a memorandum opinion, this Court rejected PDI's interpretation of the Court's claim construction and granted T&BPS's Motion for Summary Judgment.

PDI then filed a Motion for Reconsideration, arguing that the wiring harness in the accused product fell within the Court's interpretation of the term "circuit board," as well as raising for the first time a doctrine of equivalents infringement claim. Since neither of these arguments merited reconsideration, the Court denied PDI's motion.

Based on this litigation activity, along with the abundance of other rulings by the Court necessitated by PDI's conduct, T&BPS brings this motion before the Court seeking a finding that this case is "exceptional" and an award of attorney's fees.

## II. Discussion

In "exceptional cases," the court "may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The process for determining whether an award of attorney's fees is appropriate is twofold. First, the court must determine if the prevailing party has shown that the case is "exceptional" by clear and convincing evidence. *Synthon IP, Inc. v. Pfizer, Inc.*, 484 F. Supp. 2d 437, 441 (E.D. Va. 2007) (citing *Enzo Biochem., Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1370 (Fed. Cir. 1999)). If so, the court must then determine, at its discretion, whether awarding attorney's fees is warranted given the circumstances of the case. *Id.*

The prevailing party can prove that a case is "exceptional" within the meaning of § 285 by showing "inequitable conduct before the [Patent and Trademark Office]; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit, or willful infringement." *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246 (Fed. Cir. 2003). *See also Serio-US Indus., Inc. v. Plastic Recovery Tech. Corp.*, 459 F.3d 1311, 1321–22 (Fed. Cir. 2006) (noting that "[e]xceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as . . . misconduct during litigation, vexatious or unjustified litigation, conduct that violated Federal Rule of Civil Procedure 11, or like infractions").

Unless there is misconduct in securing the patent at issue or during the course of the litigation, sanctions may only be imposed against the patentee if "the litigation is brought in subjective bad faith" *and* "the litigation is objectively baseless." *Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (citations omitted). The court may infer bad faith where "the patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court," regardless of whether this unreasonableness is "grounded in or denominated wrongful intent, recklessness, or gross negligence." *Phonometrics, Inc.*, 350 F.3d at 1246 (quoting *Eltech Sys. Corp. v. PPG Indus.*, 903 F.2d 805, 811 (Fed. Cir. 1990)). An infringement suit is frivolous if "the patentee knew or, on reasonable investigation, should have known [the suit] was baseless." *Stephens v. Tech Int'l, Inc.*, 393 F.3d 1269, 1273–74 (Fed. Cir. 2004) (citation omitted).

If a case is declared "exceptional," the decision to award attorney fees remains "discretionary and 'permits [a] judge to weigh intangible as well as tangible factors.'" *Superior*

3

*Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1378 (Fed. Cir. 2001) (quoting *Nat'l Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1197 (Fed.Cir.1996)). These factors include "the closeness of the question, litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice." *Id.*

This Court's claim construction, which interpreted "circuit board" as requiring an "insulated board," clearly determined the issue of infringement. Instead of recognizing this fact, PDI continued to assert infringement, first arguing that, contrary to this Court's clear claim construction, insulated sensors mounted on a bare metal strip were sufficient to create an "insulated board." This Court rejected that interpretation. *See* Mem. Op. Granting Plaintiff's Mot. Summ. J., at 4-5 (citing PDI's Resp. to T&BPS's Mot. Summ. J., Undisp. Facts ¶ 3). Nonetheless, PDI continued to advance alternate theories of infringement well after this Court granted T&BPS's Motion for Summary Judgment, filing numerous requests for extensions as well as a Motion to Reconsider.[1]

When presented with the opportunity to justify its conduct, PDI could not provide any ground upon which this Court could find that it had a good-faith basis for continuing to pursue its infringement claim. In fact, PDI's actions in response to this motion are equally unsettling. PDI attempts to justify its strategy by asserting that it disagrees with the Court's claim construction. *See* PDI's Resp. to Mot. to Declare Exceptional Case, at 3 (stating that "[t]he fact that a patentee disagrees with a district court's claim construction and its application to the accused device, and

---

[1] For example, PDI moved for an extension of time to identify and file expert reports, yet subsequently conducted no additional discovery. Also indicative of PDI's litigation behavior was PDI's filing of a separate motion for summary judgment almost two months after T&BPS's motion, which required additional briefing.

4

intends to appeal that claim construction and application, does not make a case exceptional"). This Court agrees with T&BPS, however, what PDI fails to explain why it continued to pursue an infringement claim in this Court instead of seeking a final order so that it could appeal this Court's claim construction. Instead, PDI needlessly prolonged this litigation for an additional five months. PDI's continued pursuit of baseless claims that had no chance of success, combined with it's inability to provide a good-faith basis excusing this conduct, presents clear and convincing evidence to the Court that this case is "exceptional" and that awarding attorney's fees is appropriate. *See nCube Corp. v. Seachange Int'l, Inc.*, 436 F.3d 1317, 1325 (Fed. Cir. 2006) (upholding the district court's conclusion that a case was "exceptional" because the party's infringement claim was "not close" and there was no good-faith belief excusing its conduct); *Phonometrics, Inc.*, 350 F.3d at 1246 (affirming a finding of exceptionality when the party pursued an infringement claim that was baseless due to a prior claim construction by the court).

PDI's representations to the Court during oral argument are equally disturbing. PDI represented to the Court that its pre-existing expert report supported its position and justified further pursuing its infringement claim following the Court's claim construction.[2] The expert report submitted by PDI, even construed liberally in it's favor, did not provide any good-faith basis for continued litigation. PDI then provided a *new* expert opinion, dated January 28, 2008,

---

[2] The precise exchange was as follows:
    COURT: Do you have any expert or any evidence whatsoever that supports your theory?
    PDI: We have an expert report that was delivered within the deadlines . . .
    COURT: Does your expert opine that this was a circuit?
    PDI: . . . [Y]es, I believe he opined that it was a circuit board, Your Honor.
    COURT: Are you sure of that? I'd like to take a look at that report.
    PDI: Yes, Your Honor.
(Hr'g Tr. at 12:3-19, Jan. 24, 2008).

four days *after* PDI's in-court representation.[3] The new opinion offered tenuous and shallow belated support for PDI's theory and cannot justify PDI's conduct after August 13, 2007. This opinion was filed long after the discovery cut-off. In the final analysis, PDI had no evidence of infringement other than the inventor's steadfast refusal to accept the Court's ruling.

Defendant's actions support the conclusion that this case is exceptional and that awarding attorney's fees is appropriate. *See Brooks Furniture Mfg., Inc.*, 393 F.3d at 1384 (indicating that an expert opinion obtained for "cosmetic" purposes supports the conclusion that a party's conduct is unreasonable and indicates bad faith); *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001) (noting that "[l]itigation misconduct and unprofessional behavior are relevant to the award of attorney's fees, and may suffice, by themselves, to make a case exceptional") (citing *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996)).

### III. Conclusion

PDI's actions throughout the course of this case indicate, by clear and convincing evidence, a vexatious, manifestly unreasonable, and disturbing litigation strategy. The Court finds that this case is "exceptional" and that an award of attorney's fees is warranted.

Accordingly, the Court will grant T&BPS's Motion to Declare this an Exceptional Case. T&BPS will have one week to submit an itemized memorandum of relevant attorney's fees. PDI will have one week to respond. The Court is aware of the pending motion to dismiss the remainder of the declaratory judgment action in this case and will rule on that motion after the

---

[3] It is worth noting that this Court originally requested PDI's response on January 28, the date of this expert opinion, but upon PDI's representations, granted them a two-day extension.

issue of attorney's fees has been resolved.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Feb. 8, 2008
Richmond, VA