IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| THOMAS & BETTS POWER SOLUTIONS, L.L.C., formerly DANAHER POWER SOLUTIONS, L.L.C., )))) | |
| Plaintiff, )) | |
| ) | Civil Action No. 3:07CV167–HEH |
| v. )) | |
| POWER DISTRIBUTION, INC., )) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(Awarding Attorney Fees and Costs)

By Memorandum Opinion and accompanying Order dated February 8, 2008, this Court granted Plaintiff's motion to declare this an exceptional case under 35 U.S.C. § 285. The underlying suit is a declaratory judgment action involving claims of patent non-infringement and invalidity, brought by Plaintiff Thomas & Betts Power Solutions against Defendant Power Distribution, Inc., with a counterclaim for declaratory judgment of patent infringement and validity. The matter is presently before the Court on Plaintiff's motion for an award of attorney fees and costs. Both sides have submitted memoranda in support of their respective positions.

The litigation history of this case is set forth in detail in this Court's Memorandum Opinion of February 8, 2008. The remaining issue is a determination of the amount of fees and costs to which Plaintiff is entitled. This process has two facets. First, the Court must determine if the prevailing party has shown that the case is exceptional by clear and

convincing evidence. If so, the Court must then determine, at its discretion, whether awarding attorney fees is warranted given the circumstances of the case. *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1370 (Fed. Cir. 1999). Even in an exceptional case, "an award of [attorney] fees under § 285 remains discretionary as the trial court is in the best position to weigh the various factors that contribute to a fair allocation of the burdens of litigation." *Synthon IP, Inc. v. Pfizer, Inc.*, 484 F. Supp. 2d 437, 441 (E.D. Va. 2007) (citing *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986)).

In assessing Plaintiff's entitlement to attorney fees, it is important to focus on the specific conduct giving rise to the award. Following claim construction, which was decided adversely to Defendant's theory of infringement, the defendant continued to litigate knowing that it had no expert witness to support its position. Given the lack of evidence to support Defendant's counterclaim, this Court concluded that further litigation of its claims was tantamount to subjective bad faith.[1] *See Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). Continuing to assert infringement was manifestly unreasonable in the absence of an expert's opinion that the accused product infringed Defendant's patent as construed by the Court. *See Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246 (Fed. Cir. 2003). In

---

[1] Throughout the post-claim construction litigation, Defendant continued to foster the impression that it had an expert to support its theory. This deceptive strategy contributed significantly to the Court's finding of bad faith.

2

granting Plaintiff's motion under § 285, this Court concluded that the continuing prosecution of the infringement claim was objectively baseless, and therefore, frivolous as a matter of law. *See Stephens v. Tech Int'l, Inc.*, 393 F.3d 1269, 1273–74 (Fed. Cir. 2004).

In its motion, Plaintiff seeks almost $200,000 in attorney fees and nontaxable costs. It contends, based on this Court's prior Memorandum Opinion, that its entitlement to attorney fees and costs should encompass all litigation following this Court's claim construction opinion and order. It is Plaintiff's contention that the defendant should have essentially folded its cards at that stage and sought interlocutory review of the claim construction order in the United States Court of Appeals for the Federal Circuit. To facilitate this course, Plaintiff urged Defendant to dismiss its infringement claims without prejudice.

As a result of Defendant's hollow pursuit of its baseless infringement claim, Plaintiff incurred substantial expenses. This included the cost of conducting and responding to discovery, retaining an expert witness on the issues of infringement and invalidity, prosecuting its motion for summary judgment, and opposing Defendant's vacuous motion for summary judgment.

On the other hand, the defendant points out that the Federal Circuit almost uniformly declines to accept claim construction orders of district courts for interlocutory review. The defendant contends that the only way to perfect its appeal and preserve its

infringement claim is by obtaining a final judgment in this Court. While steadfastly denying that their conduct warrants an award of attorney fees, the defendant notes that the attorney fees claimed by Plaintiff include the work of five lawyers, four partners, at least one associate, and a host of paralegals in a patent case of minimal complexity.

Having found this to be an exceptional case under 35 U.S.C. § 285, the Court is of the opinion that an award of some attorney fees appears to be appropriate. However, this Court's judgment is tempered by a review of the Federal Circuit's § 285 jurisprudence. While the Court does not condone Defendant's tactics, this is not a case involving inequitable or egregious misconduct. What is actionable is the defendant's calculated pursuit of a claim, knowing that there was insufficient evidence to support its underlying theory of the case. This required the plaintiff to conduct needless discovery, file motions, and otherwise place itself in a reactive trial posture.

The defendant is correct in its observation that the Federal Circuit rarely grants interlocutory review of claim construction orders issued pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370, 116 S. Ct. 1384 (1996). It is the well-settled policy of the Federal Circuit to only review final judgments. A "final judgment in a patent case will usually produce a judgment of infringement or non-infringement. This court reviews claim construction only as necessary to reach that final judgment on an infringement cause of action." *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326 (Fed. Cir. 2006).

This Court will therefore give the defendant the benefit of the doubt as to the wisdom of filing its motion for summary judgment in order to preserve its claim in this case. But that does not extend to the facilitation of needless discovery. The defendant must compensate Plaintiff for a portion of its discovery costs.

Even after declaring a case exceptional, the decision to award attorney fees remains "discretionary and 'permits [a] judge to weigh intangible as well as tangible factors . . . .'" *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1378 (Fed. Cir. 2001) (quoting *Nat'l Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1197 (Fed. Cir. 1996)). Among the factors pertinent to this analysis are "the closeness of the question, litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice." *Id.*

The awarding of attorney fees pursuant to 35 U.S.C. § 285 is an issue unique to patent law and therefore subject to Federal Circuit law. *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1343–44 (Fed. Cir. 2001). The criteria and methodology utilized by the trial court in assessing attorney fees is highly discretionary. *Mathis v. Spears*, 857 F.2d 749, 754 (Fed. Cir. 1988) (citing *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983). In exercising its discretion, the Federal Circuit has counseled trial courts that "the amount of the attorney fees depends on the extent to which the case is exceptional." *Special Devices, Inc.*, 269 F.3d at 1344. "[W]hen the attorney fees under 35 U.S.C. § 285 are awarded solely on the basis of litigation misconduct, the amount of

the award must bear some relation to the extent of the misconduct." *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 831 (Fed. Cir. 1992).

Although the Federal Circuit has never specifically adopted the analytical framework set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), many district courts have found its teachings useful in assessing attorney fees under § 285. Not all the factors discussed in *Johnson* are pertinent to patent litigation generally or this case specifically. Those relevant include time and labor required; novelty and difficulty of questions presented; skill requisite to properly perform legal services; customary fees; amount involved and results obtained; and experience, reputation and ability of lawyers. An additional factor of value would be awards in similar cases, but no analogous situations could be found in a survey of reported cases.

Focusing on those factors, the Court initially observes that all patent cases are challenging. However, within the spectrum of complexity, this case did not involve novel or difficult issues. As the parties acknowledged, the issue of infringement turned on the definition of a circuit board, and whether the accused product fell within its boundaries. There is no dispute that Plaintiff's attorneys are capable and respected litigators knowledgeable in the field of patent law. Their hourly billing rate is reasonable and appropriate. The results they obtained are commendable, prevailing on the central issue. The analysis therefore distills to the question of time and labor required. Plaintiff seeks compensation for over 550 hours of attorney time alone, exclusive of hours expended by

6

paralegals. This figure includes time dedicated to summary judgment related issues, as well as hours billed by five attorneys—two partners with Troutman Sanders and two partners and one associate with Parsons Behle and Latimer. Both firms have submitted detailed billing records.

Without the aid of an auditor's eye, it is difficult for the Court to analyze the billing records with precision and parse out the relevant items with exactitude. Based on a careful review of the records, the issues presented in this case, and the conduct of the defendant giving rise to this award of attorney fees under 35 U.S.C. § 285, this Court believes that compensation for 177.8 hours of attorney time is warranted. More specifically, this Court will award the following attorney fees:

| Attorney | Calculation |
|---|---|
| Robert A. Angle | 72 hours @ $350 = $25,200 |
| Dabney J. Carr, IV | 55 hours @ $350 = $19,250 |
| David G. Mangum | 30 hours @ $325 = $ 9,750 |
| C. Kevin Speirs | 18 hours @ $300 = $ 5,400 |
| Kristine E. Johnson | 2.8 hours @ $260 = $    728 |
| | TOTAL         $60,328 |

Furthermore, this Court is of the opinion that Plaintiff is entitled as prevailing party to recapture a portion of its nontaxable costs. This Court will therefore award Plaintiff nontaxable costs in the amount of $3,500.

An appropriate Order will accompany this Memorandum Opinion.

                                                                         /s/  
                                          Henry E. Hudson  
                                          United States District Judge

Date: March 21, 2008  
Richmond, VA